**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| HEALTHCALL OF DETROIT, INC., | ) |
| | ) Case No.: 2:19-cv-11406 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FARMERS INSURANCE EXCHANGE, | ) |
| | ) |
| Defendant. | ) |

CLARK HILL PLC
Jennifer K. Green (P69019)
151 S. Old Woodward Ave. Suite 200
Birmingham, MI  48009
(248) 988-2315
jgreen@clarkhill.com
*Attorney for HealthCall of Detroit, Inc.*

## PLAINTIFF HEALTHCALL OF DETROIT, INC.'S COMPLAINT AND JURY DEMAND

HealthCall of Detroit, Inc. ("HealthCall"), through its attorneys, Clark Hill PLC, for its Complaint against Defendant Farmers Insurance Exchange ("Farmers") states as follows:

## PARTIES, JURISDICTION & VENUE

1. HealthCall is a private duty nursing and in-home healthcare organization with its principal place of business located at 28000 Woodward Avenue, Suite 100, Royal Oak, Michigan 48067.

2. Farmers is a California company with its principal place of business located in Los Angeles, California.

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and by reason of the complete diversity of citizenship of the parties.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

## GENERAL ALLEGATIONS

### The Motor Vehicle Accident & Jaden's Injuries

5. In July of 2011, when Jaden was six years old, he was involved in a serious car accident in which the car he was riding in was hit at approximately 70 MPH (the "Accident").

6. Jaden was thrown from the backseat and became wedged underneath the dashboard. Jaden had to undergo a lengthy extrication by emergency responders and the first several attempts at resuscitating him were unsuccessful.

7. Jaden was airlifted to the University of Michigan Health System ("U of M") where he remained in a coma for six days and was diagnosed with a severe traumatic brain injury ("TBI").

8. Jaden suffered from numerous skull fractures (including the parietal, temporal, and occipital bones) which resulted in a hemorrhagic contusion in the right temporal lobe, and he also suffered a sacral fracture at the base of his spine.

9. Farmers does not dispute that Jaden suffered a severe TBI as a result of the Accident.

10. Even though Jaden now looks "normal" to the outside world, he suffers from many long-term cognitive impairments due to the permanent damage to his brain.

11. Jaden's primary impairment is behavioral; his judgment is compromised, and his emotional instability and impulsiveness often leads to aggressive outbursts (and as Jaden grows older, inappropriate sexual behavior).

12. Jaden has poor impulse control and impaired judgment has led to a number of dangerous situations. For example, Jaden jumped out of a second story window, has attempted to jump out of a moving vehicle, ran out of his school, ran out of the house in the middle of the night, etc.

13. At one point, the behavioral issues were so extreme that Jaden's doctor considered placing him in a pediatric residential facility.

14. Jaden also suffered a decline in cognitive functioning. Due to his cognitive deficits, Jaden received a mix of regular and special education classes at school; however, Jaden was failing three out of his five classes in April 2017 and given his severe behavioral issues, he has had numerous expulsions and attended approximately six schools in seven years.

15. In September of 2018, he once again attempted to attend school and was suspended in the first month that was there.

16. The following month, he was suspended from that school yet again due to sexually inappropriate behavior.

17. As a result, Jaden is currently participating in a home schooling program because his behavioral difficulties rendered him unfit for a public school environment.

18. As a result of his ongoing cognitive and behavioral impairments, Jaden's physicians have prescribed attendant care services, primarily for supervision purposes, to prevent him from doing anything unsafe, and he also treats with a behavior specialist in his home.

19. In January of 2015, however, Farmers decided attendant care services were no longer "reasonably necessary" for Jaden, and it issued a "denial" letter to HealthCall.

20. After that, Farmers refused to pay for Jaden's attendant care, despite the fact that Dr. Pelshaw, a well-respected physician at Children's Hospital of Michigan, wrote to Farmers and disputed its decision to suspend benefits, explaining that Jaden needs supervision from home health aides due to safety concerns.

21. Dr. Pelshaw confirmed at a deposition in 2018 in a prior lawsuit related to Jaden's care that Jaden "still is having ongoing behavioral problems" and attendant care is needed for "supervision" purposes.

22. Jaden's mother also testified at a deposition in 2018 in a prior lawsuit related to Jaden's care that while Jaden is no longer receiving attendant care because the insurance company will not pay for it, he still "definitely needs supervision" due to his issues but she needs to work outside of the home to support the household so they cannot currently afford that care.

23. In fact, after Farmers cut off Jaden's supervisory attendant care, Jaden was left unsupervised momentarily in the spring of 2018, and he attempted to commit suicide and was found unconscious in his bedroom with a cord wrapped around his neck.

24. Despite the fact that Farmers still refuses to pay for attendant care, Dr. Pelshaw continues to prescribe attendant care for Jaden.

221420216.2 30787/197484

25. HealthCall is a private duty nursing and in-home health care organization that provides medical, therapeutic, and rehabilitative services to catastrophically injured individuals as well as infants, children, and adults with medical disabilities and traumatic brain injuries.

26. The care and services provided by HealthCall include, but are not limited to, home health aides and skilled nurses supervisory visits.

27. Specifically, Sears requires attendant care and supervisory nursing services to provide, *inter alia*: (i) medication monitoring and reminders; (ii) assistance with his counseling and in-home behavioral and cognitive therapies; (iii) accompaniment and transportation to medical appointments and therapies; and (iv) general safety and supervision.

28. HealthCall provides these services pursuant to a prescription from Jaden's physician, Dr. Pelshaw.

29. Despite receiving invoices and supporting documentation from HealthCall, Farmers has failed to reimburse HealthCall for any of the care and services it provided to Sears. (Ex. A, HealthCall Invoice Packages). The unpaid balance due and owing at that time, not counting additional bills that have since been incurred, was $137,991.25, plus penalty interest and attorney fees that continue to accrue.

30. HealthCall has obtained assignments from Jaden, signed by his mother and legal guardian, Velma Sears, authorizing it to pursue payment of these benefits directly and to proceed with a cause of action for nonpayment of its invoices. (Ex. B, Assignments).

**Procedural History**

31. In 2012, Farmers refused to pay Sears' No-Fault benefits and a lawsuit was filed in Wayne County Circuit Court (Wayne County Circuit Court, Case No. 12-008895-NF, Hon. Daphne Means Curtis) ("Sears I").

32. In Sears I, Farmers refused to pay for several forms of No-Fault benefits for Jaden, including but not limited to home health care benefits.

33. As part of Sears I, HealthCall sought payment of its bills for the time period of 2012 to 2013.

34. The Sears I lawsuit was resolved in Jaden's favor via a settlement in November of 2013, and Farmers paid HealthCall for Jaden's attendant care for nearly two years after that.

35. In late January of 2015, Farmers terminated Jaden's attendant care services and refused to pay HealthCall for any services it rendered to Jaden.

36. Accordingly, on February 17, 2016, HealthCall initiated a lawsuit for the unpaid benefits incurred after Farmers terminated services in January 2015.

(Eastern District of Michigan, Case No. 2:16-CV-11345-BAF-APP, Hon. Bernard A. Friedman presiding) ("Sears II").

37. On March 20, 2018, on the first day of a jury trial, Farmers conceded the full amount of HealthCall's damages and agreed to certain substantive terms—including that the assignments were valid, that the full amount of damages were owed, and that the payments were more than 30 days past due for purposes of penalty interest.

38. These terms were all set forth in a written Partial Judgment and Order, which this Court entered. [Sears II, Dkt. No. 70].

39. Farmers expressly agreed that "partial judgment . . . is hereby entered in favor of HealthCall in the amount of $252,158.00, which represents the full amount of HealthCall's principal damages for its claim brought pursuant to the No-Fault Act, which claim was raised pursuant to valid assignments from Velma Sears[.]" *Id.* at ¶ 1 (emphasis added).

40. Farmers immediately reneged on its agreement, by arguing that the assignments were invalid.

41. To date, HealthCall has received no payment of any kind from Farmers.

42. On March 7, 2019, HealthCall filed a Notice of Appeal in the Sixth Circuit in the Sears II matter and it was assigned Case No. 19-1234; that appeal

remains pending.

43. This lawsuit involves the unpaid HealthCall invoices incurred after the Sears II matter.

## COUNT I – VIOLATION OF THE MICHIGAN NO-FAULT ACT, MCL § 500.3101, *et. seq*.

44. HealthCall incorporates by reference the allegations made in the foregoing paragraphs as though fully restated herein.

45. Farmers is the insurer responsible for payment of Jaden's benefits pursuant to the Michigan No-Fault Act, MCL § 500.3101, et seq. (the "No-Fault Act").

46. Jaden is entitled to personal protection benefits through Farmers pursuant to the No-Fault Act, because his injuries were an "accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle." MCL § 500.3105.

47. By virtue of sustaining a bodily injury arising out of a motor vehicle accident, Jaden is entitled to receive No-Fault benefits for allowable expenses "consisting of all reasonable charges incurred for reasonably necessary products, services, and accommodations for [her] care, recovery, or rehabilitation." MCL § 500.3107(1).

48. HealthCall provided care and services to Jaden in the form of attendant care / Home Health Aid (HHA) care services per day, as well as a supervisory registered nurse for periodic nurse visits.

49. HealthCall provided these services to Jaden with the expectation of payment from Farmers.

50. The care provided by HealthCall to Jaden was reasonably medically necessary, as demonstrated by, inter alia, the prescriptions of his physicians.

51. The rates charged by HealthCall for its services are customary and reasonable.

52. HealthCall has regularly and properly submitted invoices and supporting documentation to Farmers demonstrating amounts incurred for the reasonably necessary products and services provided for Jaden's care, recovery, and rehabilitation.

53. Farmers has not reimbursed HealthCall for the services provided to Jaden from May 18, 2018 to the present.

54. Payment by Farmers is more than thirty days overdue.

55. Overdue benefits give rise to a rebuttable presumption of unreasonable refusal or undue delay under the No-Fault Act. Thus, HealthCall is entitled to penalty interest pursuant to MCL § 500.3142, because the benefits owed by Farmers are more than thirty days overdue.

56. Farmers has unreasonably refused to reimburse HealthCall for the care and services provided to Jaden. Thus, HealthCall is entitled to attorney fees pursuant to MCL § 500.3148, because Farmers has unreasonably refused to pay HealthCall and/or unreasonably delayed in making proper payment.

57. HealthCall is entitled to pre-judgment interest on the entire amount of the money judgment, including attorney fees and other costs, pursuant to MCL § 600.6013.

### **RELIEF REQUESTED**

WHEREFORE, HealthCall prays that, pursuant to MCL § 500.3101, *et. seq.*, this Court enter judgment in HealthCall's favor and against Farmers for the total amount due and owing to HealthCall, plus (1) No-Fault penalty interest pursuant to MCL § 500.3142, (2) No-Fault attorney fees and costs pursuant to MCL § 500.3148, (3) prejudgment interest pursuant to MCL § 600.6013, and (4) such other relief as justice and fairness require.

Respectfully submitted,

Date:  May 13, 2019    By:  /s/  Jennifer K. Green
CLARK HILL PLC
Jennifer K. Green (P69019)
151 S. Old Woodward Ave. Suite 200
Birmingham, MI  48009
(248) 988-2315
jgreen@clarkhill.com
*Attorney for HealthCall of Detroit, Inc.*

## JURY DEMAND

Plaintiff HealthCall of Detroit, Inc., through its attorneys, Clark Hill PLC, hereby demands a trial by jury in the above-captioned action for all claims so triable.

Respectfully submitted,

Date:  May 13, 2019            By:   /s/  Jennifer K. Green
                                                   CLARK HILL PLC
                                                   Jennifer K. Green (P69019)
                                                   151 S. Old Woodward Ave. Suite 200
                                                   Birmingham, MI  48009
                                                   (248) 988-2315
                                                   jgreen@clarkhill.com
                                                   *Attorney for HealthCall of Detroit, Inc.*

221420216.2 30787/197484